UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JAMES COMBS,

       Plaintiff,         12CV7175(LAK)

   - against -           COMPLAINT AND
                 DEMAND FOR JURY TRIAL
THE CITY OF NEW YORK, TRAVIS COLVIN,
"JOHN" HERNANDEZ, the first name of the   ECF CASE
defendant being fictitious as being unknown
to the Plaintiff, and "JOHN DOE" #1-3,
Individually and in Their Official Capacities,

       Defendants
-----------------------------------------------------------------x

   Plaintiff, by his attorneys, Michelstein & Associates, PLLC, complaining of the defendants, alleges:

### NATURE OF THE ACTION

   1. This is a civil rights action to redress the defendants' violations of the rights accorded to plaintiff James Combs by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws and the Constitution of the State of New York.

   2. Plaintiff James Combs is a citizen of the United States who, on June 25. 2011, possessed a valid conditional driver's license issued by the New York State Department of Motor Vehicles on March 11, 2011, but was arrested by defendants Travis Colin, "John" Hernandez and "John Doe" #1-3 and charged with the crimes of Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree and Aggravated Unlicensed Operation of a Motor Vehicle in the Second Degree, and the traffic violation of Operating a Motor Vehicle Without a License, was handcuffed, transported to the 44th Precinct, where he was imprisoned, then transported to Bronx Central

Booking, where he was imprisoned until his arraignment on June 27, 2011. On August 3, 2012, the false criminal charges against the plaintiff were dismissed. The warrantless arrest and prosecution of the plaintiff was the result of policies and practices adopted by defendant The City of New York to arrest individuals without probable cause to support the arrests. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violations of the plaintiff's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that the all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Travis Colvin and "John" Hernandez can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff James Combs is a citizen of the United States who resides in the County of Bronx, City and State of New York.

6. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

7. At all times relevant herein, defendant The City of New York maintained a police department.

8. Defendant Travis Colvin is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

9. At all times relevant herein, defendant Travis Colvin was acting within the scope of his employment by defendant The City of New York.

10. Defendant "John" Hernandez is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

11. At all times relevant herein, defendant "John" Hernandez was acting within the scope of his employment by defendant The City of New York.

12. Defendants "John Doe" #1-3 are natural persons who, at all times relevant herein, were employed by defendant The City of New York as police officers.

13. At all times relevant herein, defendants "John Doe" #1-3 were acting within the scope of their employment by defendant The City of New York.

## NOTICE OF CLAIM

14. On August 22, 2012, plaintiff James Combs served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

15. By Order to Show Cause dated the 4th day of September, 2012, plaintiff James Combs moved, in the Supreme Court of the State of New York, County of Bronx, to extend his time to serve a Notice of Claim for his claims for assault and battery and false imprisonment pursuant to New York General Municipal Law §50-e(5) and to deem his Notice of Claim served on August 22, 2012, to have been timely served *nunc pro tunc*.

16. Plaintiff James Combs's motion to extend his time to serve a Notice of Claim and to deem his Notice of Claim to have been timely served *nunc pro tunc* has not been decided as of the filing of this Complaint.

17. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

18. Plaintiff incorporates by reference paragraphs 1 through 17 of this complaint as though the same were set forth fully herein.

19. On June 25, 2012, plaintiff James Combs possessed a valid conditional driver's license issued by the Department of Motor Vehicles of the State of New York on March 11, 2012.

20. On June 25, 2011, plaintiff James Combs was operating a motor vehicle on Clay Avenue, in the County of Bronx, City and State of New York.

21. On June 25, 2011, as plaintiff James Combs was operating a motor vehicle on Clay Avenue, in the County of Bronx, City and State of New York, a police van following the plaintiff's vehicle flashed its lights, signaling the plaintiff to stop.

22. When plaintiff James Combs stopped the vehicle he was operating, defendants Travis Colvin, "John" Hernandez, and "John Doe" #1-3 exited the police van.

23. Defendant "John' Hernandez asked plaintiff James Combs for his driver's license.

24. Plaintiff James Combs displayed his conditional New York State driver's license to defendant "John" Hernandez.

25. Defendant "John" Hernandez took the plaintiff's conditional New York State driver's license and walked to the police van.

26. Defendant "John" Hernandez subsequently returned to plaintiff James Combs and instructed him to exit his vehicle.

27. When plaintiff James Combs stepped out of the vehicle, defendant "John" Hernandez searched the plaintiff's pockets and then conducted a pat down search of the plaintiff.

28. Defendants Travis Colvin, "John" Hernandez, and "John Doe" #1-3 placed plaintiff James Combs under arrest.

29. Defendants Travis Colvin, "John" Hernandez and "John Doe" #1-3 did not have any warrant or other legal process directing or authorizing the seizure, search, arrest, detention, or imprisonment of plaintiff James Combs.

30. Defendant "John" Hernandez handcuffed plaintiff James Combs.

31. The defendants then placed plaintiff James Combs in a police van and transported him to the 44th Precinct, where he was imprisoned for a number of hours.

32. Plaintiff James Combs was subsequently transported to Bronx Central Booking, where he continued to be imprisoned.

33. On information and belief, on June 25, 2011, defendant Travis Colvin falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff James Combs had failed to produce a valid New York State driver's license that day.

34. On information and belief, defendant Travis Colvin informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff James Combs' driver's license had been revoked or suspended on September 18, 2010, following an arrest for violation of Vehicle and Traffic Law §1192, but failed to inform the Assistant District Attorney that the records of the New York State Department of Motor Vehicles reflected that a conditional driver's license

had been issued to plaintiff James Combs on March 11, 2011, following that revocation or suspension, and that the status of the conditional license was "Valid".

35. On information and belief, on June 25, 2011, defendant Travis Colvin falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff James Combs had been driving with a suspended license.

36. On June 25, 2011, defendant Travis Colvin instituted a criminal proceeding against plaintiff James Combs in Bronx Supreme Court, Criminal Division, accusing the plaintiff of the crimes of Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree and Aggravated Unlicensed Operation of a Motor Vehicle in the Second Degree, and the violation of Operating a Motor Vehicle without a License.

37. On June 27, 2011, plaintiff James Combs was arraigned before a judge of Bronx Supreme Court, Criminal Division, and was released in his own recognizance.

38. On August 3, 2012, the criminal charges brought by defendant Travis Colvin against plaintiff James Combs were dismissed.

## COUNT ONE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

39. Plaintiff incorporates by reference paragraphs 1 through 38 of this complaint as though the same were set forth fully herein.

40. The seizure, detention, arrest, and imprisonment of plaintiff James Combs by defendants Travis Colvin, "John" Hernandez and "John Doe" #1-3 were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

41. The seizure, detention, arrest, and imprisonment of plaintiff James Combs were made without probable cause to believe that he had committed a crime or offense.

42. The charges upon which defendants Travis Colvin, "John' Hernandez, and "John Doe" #1-3 arrested plaintiff James Combs were false.

43. The charges were made by defendants Travis Colvin, "John' Hernandez, and "John Doe" #1-3 against plaintiff James Combs with knowledge that they were false.

44. Plaintiff James Combs was aware of his seizure, detention, arrest and imprisonment by defendants Travis Colvin, "John" Hernandez and "John Doe" #1-3.

45. Plaintiff James Combs did not consent to his seizure, detention, arrest or imprisonment.

46. As a result of the foregoing, plaintiff James Combs was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

47. The seizure, detention, arrest and imprisonment of plaintiff James Combs deprived him of his right to be free of unlawful searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

48. Defendants Travis Colvin, "John" Hernandez and "John Doe" #1-3 were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff James Combs.

49. Defendants Travis Colvin, "John" Hernandez and "John Doe" #1-3 deprived plaintiff James Combs of his rights to be free of unlawful searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff James Combs on false criminal charges.

## COUNT TWO
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

50. Plaintiff incorporates by reference paragraphs 1 through 49 of this Complaint as though the same were set forth fully herein.

51. The criminal charges brought by defendant Travis Colvin against plaintiff James Combs in Bronx Supreme Court, Criminal Division, were false.

52. Defendant Travis Colvin instituted the criminal proceeding against plaintiff James Combs with knowledge that the charges were false.

53. Defendant Travis Colvin knew, or should have known, from reading the records of the New York State Department of Motor Vehicles, that plaintiff James Combs held a valid conditional New York State driver's license.

54. Defendant Travis Colvin instituted the criminal proceeding against plaintiff James Combs without probable cause to believe that plaintiff James Combs had committed the crimes charged.

55. Defendant Travis Colvin was acting with malice when he commenced the criminal proceeding against plaintiff James Combs.

56. The criminal proceeding instituted by defendant Travis Colvin against plaintiff James Combs was terminated in plaintiff James Combs's favor.

57. Defendant Travis Colvin was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff James Combs had failed to produce a valid New York State driver's license that day.

58. Defendant Travis Colvin was acting under color of state law when he failed to inform an Assistant District Attorney in the office of the Bronx County District Attorney that the records

of the New York State Department of Motor Vehicles reflected that a conditional driver's license had been issued to plaintiff James Combs on March 11, 2011, following the revocation or suspension of his driver's license, and that the status of the conditional license was "Valid".

59. Defendant Travis Colvin was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff James Combs had been driving with a suspended license.

60. Defendant Travis Colvin was acting under color of state law when he commenced a criminal proceeding against plaintiff James Combs in Bronx Supreme Court, Criminal Division.

61. Defendant Travis Colvin deprived plaintiff James Combs of his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff James Combs on false criminal charges.

## COUNT THREE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

62. Plaintiff incorporates by reference paragraphs 1 through 61 of this Complaint as though the same were set forth fully herein.

63. The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

64. The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules

of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

65. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth and Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

66. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist;

(d) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests and during the processing of arrested individuals;

(e) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

67. The arrest, imprisonment, and prosecution of plaintiff James Combs on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

68. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy practice or custom of arresting persons on insufficient evidence.

69. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

70. Defendant The City of New York deprived plaintiff James Combs of his rights to be free of unlawful searches and seizures, to be secure in his person, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the requirements for warrantless arrests and the standards of probable cause for warrantless arrests,

## COUNT FOUR
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

71. Plaintiff incorporates by reference paragraphs 1 through 70 of this Complaint as though the same were set forth fully herein.

72. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Travis Colvin, "John" Hernandez, and "John Doe" #1-3 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

73. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

74. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

75. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff James Combs would be violated.

76. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff James Combs.

77. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

78. Defendant The City of New York deprived plaintiff James Combs of his rights to be free of unlawful searches and seizures and not bo be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT FIVE
## COMMON LAW ASSAULT AND BATTERY

79. Plaintiff incorporates by reference paragraphs 1 through 78 of this Complaint as though the same were set forth fully herein.

80. Defendants "John" Hernandez and The City of New York committed an assault and battery on the person of plaintiff James Combs by placing hands in the plaintiff's pockets and subjecting him to a pat down search.

81. As a result of the foregoing, plaintiff James Combs experienced physical discomfort and emotional distress, hardship and anxiety.

## COUNT SIX
## COMMON LAW ASSAULT AND BATTERY

82. Plaintiff incorporates by reference paragraphs 1 through 81 of this Complaint as though the same were set forth fully herein.

83. Defendant "John' Hernandez and the City of New York committed an assault and battery on the person of plaintiff James Combs by handcuffing his wrists.

84. As a result of the foregoing, plaintiff James Combs experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT SEVEN
## COMMON LAW FALSE IMPRISONMENT

85. Plaintiff incorporates by reference paragraphs 1 through 84 of this Complaint as though the same were set forth fully herein.

86. Defendants Travis Colvin, "John" Hernandez, "John Doe" #1-3 and The City of New York falsely imprisoned plaintiff James Combs by seizing, detaining, arresting and imprisoning him on false criminal charges.

87. As a result of the foregoing, plaintiff James Combs was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT EIGHT
## COMMON LAW FALSE IMPRISONMENT

88. Plaintiff incorporates by reference paragraphs 1 through 87 of this Complaint as though the same were set forth fully herein.

89. Defendants Travis Colvin, "John" Hernandez, "John Doe" #1-3 and The City of New York failed to bring plaintiff James Combs before a local criminal court without unnecessary delay, as required by New York Criminal Procedure Law §140.20..

90. Plaintiff James Combs was not brought before a local criminal court until approximately forty-eight (48) hours after his arrest.

91. As a result of the foregoing, plaintiff James Combs was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

92. The imprisonment of plaintiff James Combs by defendants Travis Colvin, "John" Hernandez, and "John Doe" #1-3 and The City of New York violated the plaintiff's right to be brought before a local criminal court without unnecessary delay.

93. As a result of the foregoing, plaintiff James Combs was unnecessarily imprisoned for an extended period of time.

## COUNT NINE
## COMMON LAW MALICIOUS PROSECUTION

94. Plaintiffs incorporate by reference paragraphs 1 through 93 of this Complaint as though the same were set forth fully herein.

95. Defendants Travis Colvin and The City of New York maliciously prosecuted plaintiff James Combs on false criminal charges of Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree, Unlicensed Operation of a Motor Vehicle in the Second Degree, and the violation of Operating a Motor Vehicle without a License.

96. As a result of the criminal proceeding instituted by defendants Travis Colvin and The City of New York, plaintiff James Combs was subjected to mental and physical distress and was exposed to public ridicule, scorn, humiliation and embarrassment.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award plaintiff James Combs compensatory damages to be determined by the jury at the time of trial;

B. Award plaintiff James Combs punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
September 22, 2012

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
STEVEN MICHELSTEIN (SM3323)
Attorneys for Plaintiff
485 Madison Avenue
New York, New York 10022
(212) 588-0880